IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02380-BNB

RANDY E. KEYES,

    Plaintiff,

v.

J. M. WILNER, Warden, FCI-Florence, et al.,
DR. KRICK, Staff Psychiatrist, DAP Coordinator, and
J. STUCKS, Drug Treatment Specialist (DTS),

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 27 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Randy E. Keyes, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Keyes has filed *pro se* a Prisoner Complaint asserting statutory and constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The court must construe the Prisoner Complaint liberally because Mr. Keyes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Keyes will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint filed by Mr. Keyes and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8, Fed. R. Civ. P. The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Keyes fails to set forth a short and plain statement of his claims showing that he is entitled to relief. In particular, Mr. Keyes fails to provide a clear statement of each individual claim for relief he is asserting in this action. In fact, it is not even clear how many claims Mr. Keyes is asserting because, although he lists only seven numbered claims for relief, his request for relief references a total of twenty separate claims.

The court also finds that Mr. Keyes fails to provide a clear statement of each individual claim for relief because much of the Prisoner Complaint consists of prolix and repetitive factual allegations rather than "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr.,**

*Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the court finds that the Prisoner Complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Finally, the court finds that the Prisoner Complaint fails to provide a clear statement of each individual claim for relief because Mr. Keyes combines different factual allegations and multiple legal theories within each individual claim for relief and apparently expects the court and Defendants to determine which specific factual allegations are being asserted in support of which specific legal claims. However, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For all of these reasons, Mr. Keyes will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr. Keyes "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Keyes file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R.

Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Keyes, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Keyes fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 27, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02380-BNB

Randy E. Keyes
Reg No. 33534-013
FCI - Florence
P.O. Box 6000
Florence, CO 81226-6000

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/27/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk